**In re Michael Anthony BRADFORD, Debtor.**

**Bankruptcy No. 93–50003.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 15, 1996.

Linda M. Battisti, Office of the U.S. Trustee, Columbus, OH.

Arnold S. White, Chapter 7 Trustee, Columbus, OH.

Michael J. Holbrook, Columbus, OH, for Debtor.

### ORDER ON APPLICATION OF ATTORNEY TO TRUSTEE FOR COMPENSATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the United States Trustee's Objection to the application of Arnold S. White for compensation for legal services performed for the trustee in bankruptcy. Mr. White is also the trustee in this case.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

Total receipts in this estate are 1,018.06. The trustee seeks $151.08 as trustee compensation plus $70.86 for expenses and $884.50 for services performed as attorney for the trustee. No distribution to creditors is contemplated because the amounts requested for administrative expenses exceed the total receipts.

On May 17, 1996 the United States Trustee objected to the application for fees for legal services. The date of the objection is interesting because the application was not filed with the clerk until June 4, 1996. It is also interesting that the fee application is for Arnold S. White although the counsel appointment on March 11, 1993 was of White and Associates.

The United States Trustee objects to fees sought by the attorney in the following categories:

1. Trustee Activities. The United States Trustee asserts that much of what is billed for attorney services is for activities which a trustee is required to perform without the assistance of counsel. Specifically the United States Trustee points to a total of $90.00 for collecting and reducing to money certain real and personal property of the estate and another $180.00 for matters relating to the preparation of a final report.

2. Overhead. The United States Trustee also objects to a total of $95.00 for items alleged to be compensable as overhead and not separately chargeable to the estate. These entries are for the filing of motions, applications and complaints in various courts.

3. Insufficient Description. Finally the United States Trustee points to a total of $365.00 for services asserted to be inadequately described or described so incompletely that it cannot be determined whether or not the charges are proper. Those entries are described as "wrote letter to ____" or "telephone call to ____" without further detail. One letter is described as "re: payment."

In response to the United States Trustee's objection, Mr. White made an impassioned

plea for this Court to intervene and stop the United States Trustee's current emphasis on objecting to fee applications of attorneys for chapter 7 trustees where the amounts in controversy are so small that the effort involved in the objection process is economically unrealistic and of no benefit to creditors. He states that even if the United States Trustee is successful in all of the objections, any resulting distribution to creditors would be less than the costs of mailing the checks and less than 1% of the filed claims against this estate. He further explains that the panel trustees feel beseiged by these objections in cases where there is no economic reality to the process and the objection process delays considerably the distribution to creditors. He represents that the trustees feel at a political disadvantage in defending themselves out of concern for an arbitrary termination of case assignments. Beyond those comments, there was little discussion of the merits of the objection.

■ This Court must resist the trustee's invitation to rule on the internal processes of the United States Trustee's office where such matters are not properly before the Court. The matter noticed for hearing was Mr. White's fee application and the United States Trustee's objections to that application. This Court must consider and rule only on the substance of the matters raised by the pleadings. The trustee presented no witness or other testimony, and it would be improper for this Court to consider matters not noticed for hearing and not presented through evidence.

■ With regard to the fee request, the Court finds that the burden of establishing the propriety of the charges for legal services is on the attorney for the trustee. Once an objection has been filed, the attorney must respond in a manner that permits the Court to determine whether the charges are appropriate to assess against the bankruptcy estate.

■ The Court cannot determine the propriety of services alleged to be for "trust-ee activities"—collecting and reducing to money real and personal property of the estate. As this Court has previously ruled, it is not the duty to which the services relate that determines whether the services are legal or administrative in nature. Rather, it is the precise action taken that is determinative. If the specific activity is one for which a fiduciary would normally seek legal assistance, it is appropriately charged as legal services. If it is an activity a lay person generally would perform in the context of the facts of this case without counsel, it may be compensated only through the trustee's statutory fees. Because no explanation was given regarding the context of the questioned services, the Court must find that the attorney has not met his burden of showing an entitlement to compensation for those services.

■ The next group of entries is alleged to be non-compensable as "overhead". Those services are for "filing" various legal pleadings in federal and state court. This Court is not prepared to rule, however, that such services are included in an attorney's hourly rate as overhead. If a client needs to have documents filed, the client can be billed for such efforts. If there is not a messenger or clerical person available to perform those tasks, the attorney will have to do the filing. The availability of support personnel for filing with various courts is not as common in a small legal office as is represented here as in a large law firm. The hourly rate charged for such activities, however, should be reasonable for the expertise involved. The reasonableness of such charges is a factor in the evaluation of attorney fee requests, but such scrutiny is not the same as saying that the activity must be absorbed only as overhead. In this case the time spent and the hourly rate charged for such activities do not seem unreasonable. Five legal pleadings were filed at different times in different courts for a total charge of $95.00. Those charges will be allowed.

■ The final category of disputed items was for lack of specificity in the descriptions

of the activities. The descriptions are so cursory that the reader cannot tell whether the activity is of a legal nature. That problem has appeared previously in this attorney's applications and it is properly the source of objection. There is nothing in the questioned descriptions that informs this Court of the specific nature of the activities. Therefore, the objection on that ground will be sustained in the amount of $365.00.

Based on the foregoing, the objection of the United States Trustee is sustained in part and overruled in part. The attorney for the trustee is allowed compensation for services in the reduced amount of $249.50.

**IT IS SO ORDERED.**